Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 50246 | **DATE** | 10/17/2002 |
| **CASE TITLE** | Mayoral vs. Illinois Department of Corrections, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is denied in part and granted in part. Defendants Dalberg, Mesrobian, Carter, Drew, Bergman, Illinois Department of Corrections, John Doe Love, Jane Doe Naftzgers, Jane Doe McGuire, John Doe Caraway, John Doe Brown, Jane Doe Palmer, and John Doe Larsen are hereby dismissed. Counsel for plaintiff and the remaining defendants are ordered to schedule a settlement conference with the Magistrate Judge within the next sixty days.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT 17 2002 | |
| | Notified counsel by telephone. | | date docketed | 107 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | | |
| /LC | courtroom deputy's initials | 2002 OCT 17 AM 11:22 | 10-17-02 date mailed notice | |
| | | Date/time received in central Clerk's Office | SW mailing deputy initials | |

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiff, Joel Mayoral, has filed a single count first-amended complaint against defendants, the Illinois Department of Corrections ("IDOC") and various IDOC employees, for violations of his constitutional rights under 42 U.S.C. § 1983. He alleges generally that, while an inmate at different IDOC correctional facilities, defendants deprived him of adequate medical care and were deliberately indifferent to his serious medical needs. Jurisdiction and venue are proper under 28 U.S.C. §§ 1331, 1391(b). With Dr. Xamnan Tulyasathien having been previously dismissed, the remaining defendants have filed a motion for summary judgment under Fed. R. Civ. P. 56.[1]

As an initial matter, Mayoral concedes summary judgment should be granted as to the following defendants: Lamark Carter (who passed away during the pendency of this action), Donna Drew, and Lisa Bierman (misidentified as Lisa Bergman in the caption of the complaint). These defendants are accordingly dismissed. In addition, Mayoral identified a number of other defendants as John or Jane Does: John Doe Love, Jane Doe Naftzgers, Jane Doe McGuire, John Doe Caraway, John Doe Brown, Jane Doe Palmer, and John Doe Larsen. But because Mayoral apparently has never served them and does not seem interested in pursuing claims against them, the court dismisses them as well. The same is also true of IDOC and it too is dismissed.

The remaining defendants first argue in general that Mayoral failed to fully exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). The court agrees with Mayoral, however, that defendants waived this argument by not including exhaustion among their affirmative defenses to Mayoral's amended complaint and by not raising it in any other pleading until the present motion. See Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999), cert. denied, 532 U.S. 1065 (2001). Besides that, Mayoral has introduced sufficient evidence that he did in fact file numerous grievances, which were either ignored (so that he could not file proper appeals of them) or erroneously denied on technical grounds. At a minimum, a question of fact exists over whether Mayoral fully exhausted his administrative remedies.

Turning to the merits, the court believes summary judgment is appropriate as to two defendants: Carol Dalberg and Dr. Antreas Mesrobian. As for Dalberg, who was a correctional nurse at the Dixon Correctional Center ("Dixon"), Mayoral claims he met with her twice, once on August 1, 1996, when he first arrived at Dixon, and another time on September 30, 1996. He says he told her on both occasions about all of the difficulties he was having with his fractured wrist but that she "refused to provide him with medical assistance or an appointment with a doctor." Yet Mayoral himself admits he saw Dr. Mesrobian on August 3, 1996, just two days after he first saw Dalberg, and again on October 4, 1996, just four days after he saw Dalberg the second time. Moreover, Mayoral does not at all elaborate what sort of "medical assistance" Dalberg denied him. The court thus dismisses Mayoral's claim of deliberate indifference against Dalberg as ill-defined and unsubstantiated.

Mayoral's claim against Dr. Mesrobian is also belied by the record. Mayoral admits he saw Dr. Mesrobian five times over a six month period, and actually missed two other appointments with him. On three of the occasions he saw Mayoral, Dr. Mesrobian referred him to Dr. Tulyasathien, an orthopedic specialist, to further treat his fractured wrist. Dr. Mesrobian also ordered x-rays for Mayoral's fractured wrist on his second visit with Mayoral. Thus, far from exhibiting deliberate indifference, the record reflects Dr. Mesrobian did in fact provide Mayoral with medical treatment.

As with Dr. Tulyasathien, Mayoral's chief complaint against Dr. Mesrobian is that he continued to approve a course of treatment for his fractured wrist that was, in his words, doomed to failure. Rather than recommend surgery for the wrist, which had in fact previously been scheduled by another doctor just before Mayoral was transferred to Dixon, Dr. Tulyasathien gave Mayoral a wrist splint with orders not to use the wrist or bear any weight on it. But because Mayoral is a paraplegic, and needs both wrists for getting around in, out of, and into his wheelchair, Mayoral argues Dr. Tulyasathien's treatment, which Dr. Mesrobian approved, was the same as no treatment at all. The reason Dr. Tulyasathien's treatment was ineffective, however, was the failure to provide Mayoral with the assistance necessary for complying with the doctors' orders (more on this below). At bottom, Mayoral's claim against Dr. Mesrobian is, like his claim against Dr. Tulyasathien, based simply on his disagreement with a prescribed course of treatment, which does not amount to deliberate indifference. See Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996), cert. denied, 519 U.S. 1126 (1997). The court previously dismissed Dr. Tulyasathien for this very reason, and the court sees no reason why it should not do the same as to Dr. Mesrobian. At the very least, Mayoral has failed to establish that the treatment Dr. Mesrobian approved – a wrist splint with orders not to use the wrist instead of surgery – was "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [Dr. Mesrobian] did not base the decision [to treat Mayoral in this manner] on such a judgment." Estate of Cole v. Fromm, 94 F.3d 254, 262 (7th Cir. 1996), cert. denied, 519 U.S. 1109 (1997).

The final four defendants – Lidia Downs, Rejean Vuichard, Karen McKinney, and Patricia Wilson – are a different matter. They were Dixon's Americans with Disabilities Act coordinator, Pinckneyville Correctional Center's ("Pinckneyville") Health Care Unit Administrator, Pinckneyville's assistant warden, and Pinckneyville's warden, respectively. Mayoral wrote letters and various grievances to all of these defendants, in which he explained the problems with his wrist and his medical treatment. Specifically, he alerted them to the fact that he had been ordered not to use his wrist but, because he had not been given assistance getting into and out of his wheelchair to use the toilet, take a shower, or go to bed, and had to perform these tasks on his own, he had repeatedly reinjured his wrist. Vuichard herself confirmed at least one of these injuries – a fall Mayoral reported on April 7, 1999. There is no dispute these four defendants were personally aware of Mayoral's complaints and, as far as the court can tell, were all in a position to provide the necessary assistance but did not. Moreover, this state of affairs lasted for three years – from October 1996 when Mayoral was first given the wrist splint and told not to use the wrist until November 1999 when he finally received surgery for the wrist. Based on this evidence, the court finds questions of fact exist over whether (1) Mayoral's fractured wrist was an objectively serious medical condition (a point defendants do not contest); (2) these defendants were aware that denying assistance to Mayoral with some of his daily activities – because of his status as a paraplegic confined to a wheelchair who was being treated for a fractured wrist with a wrist splint and orders not to use the wrist – posed a substantial risk of serious harm to him, as he told them the lack of assistance had already caused him to refracture the wrist; and (3) these defendants acted with reckless disregard to that risk by "inaction or woefully inadequate action." Reed v. McBride, 178 F.3d 849, 854 (7th Cir. 1999) (denying summary judgment on prisoner's deliberate indifference claim that prison administrators had ignored his letters complaining about denial of food and medication, despite fact that plaintiff otherwise received adequate medical care).

For the reasons stated above, defendants' motion for summary judgment is denied in part and granted in part. To be clear, Mayoral may proceed only on his deliberate indifference claim against Downs, Vuichard, McKinney, and Wilson. All other defendants are dismissed.

---

[1] This is actually defendants' second motion for summary judgment. This court strongly disapproves of the same party filing multiple summary judgment motions and warns defense counsel in the future that prior approval from this court is required before filing a successive motion for summary judgment. Failure to do so subjects the offending motion to being stricken sua sponte.